## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

SHERYL LOWERY                                                    PLAINTIFF

v.                          CASE NO. 3:14CV00178 BSM

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                   DEFENDANT

## ORDER

The motion for attorney's fees under 42 U.S.C. § 406(b) [Doc. No. 21] is granted in part. The administration is ordered to pay $10,000 in attorney's fees to Lowery's attorney, David Throesch. Because counsel has already received $6,436.70 in EAJA fees, Throesch must refund this amount to Lowery upon receipt of the § 406(b) fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

42 U.S.C. § 406 governs attorney's fees in social security cases. § 406(a) deals with fees for representation in the administrative proceedings, and § 406(b) handles fees for representation in federal court. The statute permits a court to "allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406 (b)(1)(A). Because of this statute, most social security attorneys will take on a claimant's case based on a contingency agreement, which will permit attorney's fees up to the full 25 percent threshold. In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court held that this type of contingency fee agreement was permissible but that federal district courts are tasked with ensuring that the fee award is nonetheless reasonable:"We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b)

instructs courts to review for reasonableness fees yielded by those agreements." 535 U.S. at 808-09.

The Supreme Court has instructed district courts to "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness," reducing "the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 533 U.S. at 808; *see also id.* (citing *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms.")). The Court explicitly held that district courts are not to begin reasonableness determinations by looking to the all-familiar lodestar calculation. *Id.* at 801-07. Thus, the starting point is the contingent fee agreement between Lowery and Throesch, which permits Throesch to be paid 25 percent of Lowery's past-due benefits. *See* Doc. No 22, Ex. A. Based on this fee agreement, the starting amount is $21,750.

The next step is to test this amount for reasonableness. Testing for reasonableness is a task that is common for a district court judge: "Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Gisbrecht*, 535 U.S. at 808. The Supreme Court provided examples of factors for a district court judge to consider: (1) "the character of the representation and the results the representative achieved," (2) an attorney's delay when bringing the case, and (3) benefits that are "large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. There is no evidence that Throesch delayed in any way during his representation

of Lowery, but Throesch's fee will be reduced due to the other two examples: based on the character of the representation and the results Throesch achieved, his fee would be unreasonably large in comparison to the time spent on the case.

Permitting Throesch to recover $ 21,750 would be an unreasonable "windfall," which district court judges have been instructed to prevent. *Gisbrecht*, 535 U.S. at 808. In this case, Throesch filed a complaint, two motions for extensions of time to file a brief, and a brief on behalf of Lowery. But, Lowery's case was never considered by a federal judge. After Throesch filed a brief on Lowery's behalf, the Social Security Administration filed an unopposed motion to remand to the Social Security Agency. *See* Doc. No. 15. This motion was granted, and the case was dismissed. *See* Doc. No. 16.  Importantly, § 406(b) governs fees only to compensate an attorney for representation before the federal court. A different section of the statute controls fees for representation in administrative proceedings. *See* 42 U.S.C. § 406(a).

It would be unreasonable to permit Throesch to recover $ 21,750 of his client's past-due recovery based on filing one brief that was not responded to by the Administration or even considered by a federal judge. This decision is not made off the cuff, as it is recognized that Lowery likely would not have recovered anything if Throesch had not agreed to take her case to the federal courts. And the agreement to receive 25 percent of her potential recovery likely is what persuaded Throesch to represent Lowery in federal court in the first place. Nonetheless, this fee amount based on the work Throesch provided would result in an impermissible windfall for Throesch.

Although this inquiry must begin by looking to the contingent-fee agreement and then

3

testing it for reasonableness, other circuit courts of appeals have determined that the lodestar method may be used when considering reasonableness. *See  Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) The lodestar method confirms the initial view that Throesch's request for $21,750 is unreasonable: based on the amount of time spent representing Lowery in federal court, an award of the total fee would amount to $638.58 per hour. This "inordinately high fee" clearly would result in a windfall for Throesch. *See Gisbrecht*, 535 U.S. at 804-05.

It is true that cases run the gamut of recovery amounts. Some courts have reduced a request for $14,734 down to $3,993.75, *Jeter*, 622 F.3d at 375-76 (5th Cir. 2010), reduced a request for $26,048.73 down to $12,780, *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 308-09 (6th Cir. 2014), or reduced a request for $12,675 down to $5,265. *Gordon v. Astrue*, 361 Fed. App'x 933, 934 (10th Cir. 2010). Other courts have permitted requests for the full 25% contingent fee, even when it produces a very high award. *See, e.g.*, *Joslyn v. Barnhart*, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding the attorney $ 38,116.50). Even though the amounts awarded under 406(b) have varied widely, one factor remains the same in each of these cases: it was incumbent upon the district court judge to test the contingent-fee agreement for reasonableness. After careful consideration of the work submitted by Throesch, the fact that the case was never reviewed by a federal judge because the Social Security Administration filed an unopposed motion to remand, and the windfall that a full award would bestow upon Throesch, the award is reduced from $21,750 down to $10,000.

IT IS SO ORDERED this 26th of August 2016.

4

UNITED STATES DISTRICT JUDGE